UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:11-cr-00083-TWP-MJD ) |
| CHARLES T. BLACK, JR., | ) -01 ) |
| Defendant. | ) |

**Entry Denying First Step Act Motion Without Prejudice**

Defendant filed a pro se motion that the Court construed as a Motion for Compassionate Release pursuant to the First Step Act of 2018. Dkt. 158. The Court appointed counsel to represent Defendant, dkt. 157, and also ordered the parties to file notices about whether Defendant had exhausted administrative remedies, dkt. 159.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020); *cf. United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (holding that criteria for granting sentence reduction in § 3582(c)(2) are not jurisdictional).

The parties' recent submissions reflect that Defendant is in the process of exhausting administrative remedies and that the United States will not waive this requirement. Dkts. 160, 162. The United States seeks denial on this basis. Dkt. 162. In response, Defendant argues that the motion should not be denied, but that the case should be stayed until Defendant can exhaust. Dkt. 165. Defendant argues that this will promote judicial economy. *Id.*

The Court respectfully disagrees. The COVID-19 pandemic has resulted in an onslaught of motions brought by individuals seeking immediate release from custody. Many of these motions are presented in emergent terms. Given the nature of the pandemic, circumstances are evolving in real time—including scientific understanding of the virus, treatment options, the rate of infection within any given correctional institution, and the BOP's response to the situation. Judicial economy will be served by limiting the pending motions to those ripe for resolution.

Accordingly, the motion for compassionate release filed on April 22, 2020, dkt. [158], is **denied without prejudice.** The Court specifically holds that this does not terminate appointed counsel's representation of Defendant. Instead, CJA counsel remains appointed to prepare and file a new motion for compassionate release after Defendant has exhausted administrative remedies. CJA counsel shall use professional judgment in determining when to file a motion to withdraw and when to submit a CJA-20 request for authorization for payment of services and expenses incurred during the representation. In other words, CJA counsel may wait to take these steps until after the anticipated post-exhaustion motion for compassionate release is resolved.

**IT IS SO ORDERED.**

Date: 5/8/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

All Electronically Registered Counsel