UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cr-00083-TWP-MJD |
| ) | |
| CHARLES T. BLACK, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Charles Black's ("Mr. Black") Motion for Compassionate Release, Dkt. 158, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. Because of the Coronavirus, Mr. Black seeks immediate release and the reduction of his sentence to time served with conditions of supervised release that do not exceed the unserved portion of his original term of imprisonment. For the reasons explained below, Mr. Black's Motion is **granted.**

### I. BACKGROUND

On May 10, 2011, a six-count Indictment was filed against Mr. Black. All counts allege conduct that occurred on October 21, 2009. He was charged in Counts 1 and 2 as a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); in Counts 3 and 4 for possession with the intent to distribute a mixture or substance containing a detectable amount of marijuana and cocaine, respectively, in violation of 21 U.S.C. § 841(a)(1); and in Counts 5 and 6 for possession firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The offense conduct surrounds a traffic stop in which Mr. Black was found to possess two firearms, marijuana, cocaine, digital scales and baggies and other controlled substances.

On January 15, 2013, Mr. Black pled guilty to Count 5, possession of a firearm during and in relation to a drug trafficking crime. (Dkt. 88.) He was sentenced to 180 months of incarceration and five years of supervised release. (Dkt. 91.) At the sentencing hearing, except for a denial that he identified pink pills in his possession as ecstasy, Mr. Black had no other objections to the Presentence Investigation Report ("PSR") (Dkt. 100 at 17). The PSR reflects Mr. Black's extensive criminal history that includes felony convictions for Burglary, Carrying a Handgun Without a License, Attempted Burglary, Resisting Law Enforcement, and Dealing in Cocaine. (Dkt. 85). The PSR indicates that Mr. Black's probation was revoked on two separate occasions and that while he was on probation for Felony Resisting Law Enforcement, there were eight probation violation notices filed. *Id*. Additionally, the PSR indicates that Mr. Black was on parole for Dealing in Cocaine at the time he committed the offense in this case. *Id*. The PSR, dated also reflects that December 20, 2012 reflects that Mr. Black is 6 feet 4 inches tall, weighed 300 pounds, and suffered from deep vein thrombosis (DVT); edema, as a result of the DVT; and asthma. *Id*. at 15, ¶ 65.

Mr. Black is presently 45 years old. He is incarcerated at Federal Correctional Institution Butner Medium II", which has six current inmate case of COVID-19, four current staff cases, and five recovered inmate cases.[1] Mr. Black was sanctioned in 2014 for fighting with another person. (Dkt. 172 at 1). He is projected to be released in February 2023, and he will be eligible for home confinement in August 2022. (Dkt. 168-3 at 2.)

Mr. Black has filed the instant motion stating that he suffers from asthma, diabetes, and obesity, and he seeks compassionate release due to the ongoing COVID-19 pandemic and the risks posed to him should he become infected with the virus. (*See* Dkt. 168.)

---

[1] http://www.bop.gov/coronavirus (last visited August 10, 2020).

On July 17, 2020, the United States of America (the "Government") filed a response brief opposing Mr. Black's Motion. (Dkt. 172.) The Government disputes the severity of Mr. Black's medical conditions and argues that even assuming that Mr. Black suffers from moderate to severe asthma, diabetes or severe obesity, there is no indication that he will be safer from COVID19 out in the community versus in custody of the Bureau of Prisons ("BOP").

In addition, the Government argues that any release for "extraordinary and compelling reasons" under the statute, is outweighed by the danger that Mr. Black presents if he is released into the community. (Dkt. 172 at 10.) The Government notes that under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community. *Id*. The Government points out that Mr. Black was sanctioned in 2014 for fighting with another person, and they argue the § 3553(a) factors do not weigh in Mr. Black's favor; therefore, his Motion should be denied.

In his reply brief, Mr. Black disputes the Government's response concerning danger to the community. He argues that the Government focuses mainly on the perceived danger he presented at the time of his arrest, rather than how he is presented today. (Dkt. 173.) He contends the record demonstrates that his situation is the exact situation that should be contemplated under the First Step Act for compassionate release. *Id*.

## II. DISCUSSION

Mr. Black has moved the Court for immediate release arguing that his medical conditions combined with the risks posed by the COVID-19 pandemic amount to an extraordinary and compelling reason for his release. He asserts that he is not a danger to the public and that the sentencing factors in 18 U.S.C. § 3552(a) favor his release. (*See* Dkt. 168.) In response, the Government argues that Mr. Black's health conditions do not place him at an increased risk of

3

severe COVID-19 symptoms, that he is a danger to the public, and that the 18 U.S.C. § 3552(a) factors weigh against his release. (*See* Dkt. 172.)

Under 18 U.S.C. § 3582(c), the Court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." However, the Court may do so only "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission...." 18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[2] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe,

---

[2] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A.   **Extraordinary and Compelling Reasons**

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).

Mr. Black does not argue that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. (*See* Dkt. 168.) Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does apply. Mr. Black's motion states that he suffers from asthma, diabetes, and obesity, (*see* Dkt. 172 at 1), all of which are risk factors for severe illness

5

from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 10, 2020). Mr. Black's diabetes diagnosis appears only on his medical intake form, which is insufficient documentation on which the Court can rely. (*See* Dkt. 168-2). However, the Court finds that Mr. Black's medical records sufficiently document that he has two other conditions placing him at risk for severe COVID-19 symptoms, specifically obesity and asthma. (*See* Dkt. 168-1 at 18, 19, 45). The Government's argument that Mr. Black's obesity is not severe enough (*i.e.*, above a BMI of 40), is unavailing, as the CDC has cited obesity with a BMI of 30 or higher as a cause of increased risk of severe illness from COVID-19. *See id*. Furthermore, with respect to the severity of Mr. Black's asthma, this Court has previously held (and the Government has previously conceded) that morbid obesity combined with even mild asthma constitutes extraordinary and compelling reasons for release. *See USA v. Vanburen*, 2:13-cr-00016-JMS-CMM-8 (Dkt. 679 at 6) (where the Government conceded that obesity and mild asthma, combined with the risk of contracting COVID-19, constituted extraordinary and compelling circumstances). Therefore, on the current record, the Court concludes that Mr. Black has demonstrated that extraordinary and compelling reasons exist to support a sentence reduction. The Court must now determine whether Mr. Black's release would present a danger to the community.

**B.**     **Danger to Any Other Person or to the Community**

The Sentencing Guidelines provide that compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>> **(2)** the weight of the evidence against the person;
>> **(3)** the history and characteristics of the person, including--
>>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The nature and circumstances of Mr. Black's offense are that, while on parole for dealing in cocaine, Mr. Black obtained two semiautomatic handguns that he carried while he continued to deal drugs. Additionally, Mr. Black's criminal history includes convictions for burglary, carrying a handgun without a license, attempted burglary, felony resisting law enforcement, and dealing in cocaine. (*See* Dkt. 85.)

In arguing that Mr. Black poses a present threat to the public, however, the Government focuses solely on the danger Mr. Black posed at the time of his arrest and his single disciplinary incident in 2014. (*See* Dkt. 172 at 10.) While the Court is concerned about Mr. Black's criminal history, it finds that adding the requirement that the first year of Mr. Black's supervised release be under conditions of home detention with GPS monitoring will alleviate potential threats to the safety of the general public. Furthermore, the Court is persuaded that, with the support of his

family and friends, Mr. Black has a well-established reentry plan that includes employment, stable housing with his friend and intended employer, and financial assistance until he can support himself.  (*See* Dkt. 173 at 9.)

Accordingly, pursuant to § 3142(g), the Court finds that Mr. Black does not presently pose a danger to any other person or the community if his sentence is reduced to time served and his term of supervised release of five years includes the condition that the first year of supervised release be under conditions of home detention with GPS monitoring.

**C.**     **Section 3533(a) Factors**

In evaluating a motion for compassionate release, the next consideration is whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence. *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020). In this case, they do not.

> Section 3553(a) provides:
>
> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> > **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> > **(2)** the need for the sentence imposed—
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > **(B)** to afford adequate deterrence to criminal conduct;
> > > **(C)** to protect the public from further crimes of the defendant; and
> > > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > **(3)** the kinds of sentences available;
> > **(4)** the kinds of sentence[s] and the sentencing range established for--

> > **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
>
> **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Mr. Black argues that the § 3553(a) factors favor his release because he has served a significant majority of his sentence, has rehabilitated himself while incarcerated, and has been adequately deterred from further criminal conduct. In its response brief, the Government argues that the § 3553(a) factors weigh against modification because Mr. Black has an extensive criminal history. (Dkt. 172 at 10-11.)

The Court agrees with the Government that Mr. Black's conduct in this case and in the past was very serious. But Mr. Black has been in custody since October 2009 and federal custody since April 2011 — nearly 10 years. (Dkt. 85 at 11. ) He has served nearly 75% of his sentence to date, which is a significant sanction that reflects the seriousness of his offense and does not create an unwarranted sentencing disparity. Mr. Black has availed himself of over twenty educational, vocational, and rehabilitative courses while incarcerated, (*see* Dkt. 168-5 at 2), has had only one disciplinary incident, (*see* Dkt. 172-1), and is only two years away from eligibility for home confinement, (*see* Dkt. 168-3 at 2). In the many years that he has been in the custody of the BOP, Mr. Black received only one sanction. Other courts have ordered immediate release where "a non-violent drug offender who has already served a lengthy sentence… and has a home ready to receive him, where he can be placed on home confinement." See *United States v. Collins*, Crim. No. 10CCB-0336, ECF 1038 (Mar. 30, 2020).

9

The Court is persuaded that further incarceration is not needed to deter Mr. Black from further offenses; nor, for the reasons described above, is it necessary to protect the public from future crimes. Rather, considering the extraordinary and compelling reasons brought about by the Coronavirus, further incarceration would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2). The Court therefore concludes that the applicable § 3553(a) factors support Mr. Black's request for compassionate release.

### III. CONCLUSION

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Mr. Black's sentence, that Mr. Black does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that the reduction is consistent with the Sentencing Commission's policy statements. Therefore, the Court **GRANTS** Mr. Black's Motion for Compassionate Release, dkt. [158], and **ORDERS** that Mr. Black's sentence of imprisonment be reduced to time served as of the date of this Order. The Bureau of Prisons is **ORDERED** to release Mr. Black as soon as it is safely possible.

The term of supervised release remains five years. The terms of supervised release imposed in the Judgment of January 23, 2013, (*see* Dkt. 91), remain the same with the addition of the following conditions:

1. Because he is being released from a facility with active COVID-19 cases, immediately upon release, Mr. Black is **ORDERED** to home quarantine for a minimum of 14 days.

2. Mr. Black is further **ORDERED** to comply with any further period of quarantine directed by medical staff and/or any state or local health authority.

3. The first year of Mr. Black's supervised release will be served under conditions of home detention with GPS monitoring with permission to leave his residence for employment and medical and other necessary reasons upon approval from his probation officer's approval.

**SO ORDERED.**

Date: 8/10/2020

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
brian.reitz@usdoj.gov

United States Probation Office

United States Marshals Service